THE PRUDENTIAL SAVINGS BANK, Respondent, v. MADEWELL HOMES CORPORATION and Others, Defendants, and FOREST HILLS HOUSING COMPANY, INC., Appellant.* — Order modified by providing that the receiver be directed to pay to the appellant Forest Hills Housing Company, Inc. (the owner), the sum of $1,000 in her

* Appeal dismissed, 265 N. Y. ——.

hands, representing the amount due for rent on January 1, 1933, with interest thereon; and as so modified the order is affirmed, without costs. The plaintiff, before commencing the foreclosure action, illegally collected from the tenant Cooperman rent which became due on January 1, 1933, and belonged to the owner of the mortgaged premises — not liable for the mortgage debt. A receiver was appointed February 4, 1933. Later the plaintiff went through the form of writing its check in favor of the tenant and having the check indorsed to the receiver, thereby furnishing a basis for its claim to the rent as being past due. It acquired no new rights by this circuitous procedure. It had in its hands money that belonged to the owner and it was unduly enriched by its illegal detention. The plaintiff had undertaken to save the tenant harmless against loss by the payment of the rent to it. So if the owner had sued the tenant and obtained judgment, the result would have been the same, for plaintiff would have been liable over to the tenant for the amount of the rent. Equity will give relief without such circuity of action by applying equitable principles to the acts of a wrongdoer and directing payment of money in the hands of the officer of the court, illegally acquired, to the person to whom it justly belongs. By the same token, the owner will not be permitted to obtain rent becoming due after the appointment of a receiver and her entry into possession of the property because of the inadvertence of filing the bond with the calendar clerk of the court instead of in the office of the county clerk. The *nunc pro tunc* order directing the filing as of February 8, 1933, cured the irregularity and established the right of the receiver to collect and retain the rent due April 1, 1933. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.