■ SOUTH SHORE FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v SHORE CLUB HOLDING CORPORATION et al., Defendants, and MILTON MILLER, Appellant.—In a mortgage foreclosure action, defendant Milton Miller, a junior mortgagee, appeals from so much of an order of the Supreme Court, Nassau County, entered October 1, 1975, as denied his motion to disaffirm the referee's report of sale and for a direction that certain credits allowed by the referee be disallowed. Order reversed insofar as appealed from, with $50 costs and disbursements, and motion granted to the extent that a hearing is directed, on notice to all parties, including the purchasers. A judgment of foreclosure and sale was entered on August 15, 1974. The property was sold for $900,000 at the foreclosure sale held on October 4, 1974, leaving a large surplus. Pursuant to the terms of sale, a down payment of 10% was required at the time of sale. The terms of sale also provided that: "Interest on the amount of the Judgment of Foreclosure and Sale and any moneys that are advanced subsequent, shall be paid to the date of the actual closing." Title was not closed until February 10, 1975, after several adjournments. The question presented is who should be liable for the interest and charges which accrued during the period of time between November 4, 1975, the original date set for the closing by the terms of sale, and February 10, 1975, the date of the actual closing. Neither the referee nor Special Term made any findings of fact as to who was responsible for this delay of more than three months. Although the referee, as confirmed by Special Term, in effect directed that the interest and charges be paid out of the surplus, in "an action of an equitable nature, the recovery of interest is within the court's discretion * * * The exercise of that discretion will be governed by particular facts in each case" (see *Bosco v Alicino,* 37 AD2d 552). The record on appeal contains affidavits which propound various allegations and reasons for the delay, but there are no *facts* in the record which permit a determination as to fault. If the mortgagee is responsible for the delay, it should forfeit the interest and other charges, but if the purchaser is responsible, then the interest and additional charges should be added to the $810,000 balance which remained on the purchase price after the down payment was made. Gulotta, P. J., Hopkins, Martuscello and Suozzi, JJ., concur.