■ DOLLAR FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Respondents, v HERBERT KALLEN, INC., et al., Defendants, and HERBERT KALLEN et al., Appellants. — In a mortgage foreclosure action, defendants Herbert and Leonore Kallen appeal from so much of a judgment of foreclosure and sale of the Supreme Court, Kings County (Jones, J.), dated February 18, 1982, as confirmed the referee's report dated September 9, 1981. Judgment reversed insofar as appealed from, on the facts and in the interest of justice, without costs or disbursements, and the matter is remitted to the Supreme Court,

Kings County, with instructions to order the referee to recompute the amount owed by appellants, using December 11, 1979 as the appropriate date for computation. By order dated October 31, 1977, plaintiffs were awarded summary judgment in the instant mortgage foreclosure action. The court ordered, *inter alia,* the appointment of a referee to compute the amount due the plaintiffs and report to the court "with all convenient speed". Plaintiffs appealed from so much of that order as directed that certain fire insurance proceeds received by plaintiffs be applied to reduce the amount owed on the mortgage. On December 11, 1978, this court reversed the order with respect to the allocation of the insurance proceeds, and held that the proceeds should not be applied to reduce the mortgage debt (see *Dollar Fed. Sav. & Loan Assn. v Herbert Kallen, Inc.,* 66 AD2d 793). On or about January 23, 1980, more than one year after that decision, appellants received a proposed referee's report, but only after prodding plaintiffs and the referee to expedite their actions. After appellants indicated that they would make various objections when the report was submitted for confirmation, the report was withheld and never presented to the court for confirmation, because, purportedly, "it would be embarrassing to [the referee] to submit the computation knowing that [appellants] have objections". The matter was apparently bogged down in negotiations until May 28, 1981, when appellants succeeded in having the court appoint a new referee. Finally, on September 9, 1981, the second referee completed his report. On September 15, 1981, plaintiffs moved to confirm the referee's report, and the computations contained therein, and for a judgment of foreclosure and sale. Appellants did not oppose the granting of a judgment of foreclosure and sale, but did oppose on equitable grounds, the branch of the motion which sought to confirm the referee's report. Appellants claimed that the substantial delays in the prosecution of this action have caused them "unconscionable financial prejudice", because the failure of the original referee to promptly submit his report to the court after plaintiffs had been awarded summary judgment, caused substantial interest on the mortgage and real estate taxes to accumulate to their detriment. Special Term confirmed the referee's report, holding that appellants "may not now invoke equity to avoid the expenses which continued as they sat idly by." Under ordinary circumstances, a mortgage lien consists of the outstanding principal of the debt, with interest due thereon to the date of the referee's computation, together with any amounts paid by the mortgagee to protect his security on account of overdue taxes and assessments which the mortgagor has refused or neglected to pay, plus the costs and disbursements incident to the foreclosure action (see *Grady v Utica Mut. Ins. Co.,* 69 AD2d 668, 674-675). However, given the unusual circumstances of this case it would be unconscionable to charge appellants with all the costs of the prolonged delay. Thus, we have fixed the date of computation at one year after the date of the decision on plaintiffs' appeal because that period of time was sufficient for the first referee to comply with the mandate to report "with all convenient speed". Under the circumstances, the appellants should not be held responsible for the plaintiffs' failure to expedite the action. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.