■ IRA P. SLOANE, Respondent, v CYRIL L. GAPE, Appellant. [627 NYS2d 785] —In an action to foreclose a mortgage, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 1, 1993, as (1) denied his motions, *inter alia,* to vacate the judgment of foreclosure and for the return of certain interest payments, and (2) granted the cross motion of the nonparty Referee for additional fees.

Ordered that the order is modified by deleting therefrom the provisions which (1) denied so much of the defendant's motion as was for the return of interest payments which accrued between May 8, 1991, and August 16, 1993, on a judgment of foreclosure, and (2) granted the Referee's motion for additional fees; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on (1) the defendant's claim for the return of interest payments which accrued between May 8, 1991, and August 16, 1993, on the judgment of foreclosure, and (2) the Referee's cross motion for additional fees.

A judgment of foreclosure was entered January 29, 1991. The defendant tendered the amount necessary to satisfy that judgment on May 8, 1991, prior to the foreclosure sale. There is no dispute that the plaintiff refused to give the defendant a satisfaction of mortgage unless he withdrew his appeal from the judgment of foreclosure and that, as a consequence, the foreclosure sale went forward. The defendant's brother was the successful bidder, and his down payment of $20,000 was placed in escrow. The brother failed to complete the purchase, and the parties subsequently agreed to stay the closing until determination of the defendant's appeal from the judgment of foreclosure. The judgment was affirmed by decision and order of this Court dated March 15, 1993 *(Sloane v Gape,* 191 AD2d 549), and the defendant redeemed the property on August 16, 1993, for an amount which included interest through the date of payment. The defendant *pro se* moved thereafter to vacate the judgment of foreclosure on the ground, *inter alia,* that the plaintiff denied him the right to redeem the property on May 8, 1991.

We conclude that there is merit to the defendant's contention that the plaintiff wrongfully denied him the right to redeem the property on May 8, 1991 *(see, Finance Inv. Co.*

*[Bermuda] v Gossweiler,* 145 AD2d 463; *Belsid Holding Corp. v Dahm,* 12 AD2d 499). Although the defendant is not entitled to vacatur of the judgment of foreclosure *(see, Sloane v Gape, supra),* we conclude that, under the circumstances of this case, a hearing is required to consider the defendant's claim that due to the wrongful denial of his right to redeem, he is not liable for payment of the interest which accrued on the judgment between May 8, 1991, and August 16, 1993. As this is an equitable action, the court has the discretion to determine whether the plaintiff is entitled to recover interest on the amount of the judgment. Resolution of this issue depends on the particular facts of each case, including any wrongful conduct by either party *(see, e.g., South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp.,* 54 AD2d 978; *Bosco v Alicino,* 37 AD2d 552).

We further conclude that the Supreme Court erred in awarding the Referee additional fees in the amount of $2,820 which were to be deducted from the $20,000 down payment made by the defendant's brother. Contrary to the Supreme Court's finding, all of the additional fees did not directly result from the failure of the defendant's brother to complete the purchase of the property. Moreover, it is not clear from the record whether any of the fees awarded to the Referee were also included in the amount paid by the defendant to satisfy the mortgage. A hearing is required in order to determine which party is responsible for the services rendered by the Referee, particularly in light of our determination that the plaintiff improperly denied the defendant the right to redeem the property in May 1991.

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.