■ FRANK DANIELOWICH, Respondent, v PBL DEVELOPMENT, Appellant. [739 NYS2d 408] —In an action, inter alia, to foreclose a mortgage, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Seidell, J.), dated February 16, 2001, which, among other things, is in favor of the plaintiff and against it in the principal sum of $433,791.17, confirmed a Referee's report, and foreclosed the mortgage.

Ordered that the order and judgment is modified, as a matter of discretion, by (1) deleting from the fifth decretal paragraph thereof the phrase "together with interest thereon from the date of the said report, the 22nd day of December, 1999," and substituting therefor "together with interest thereon at the rate of 16% per annum from the date of the Referee's report, December 22, 1999, through May 16, 2000, and thereafter at the rate of 9% per annum," and (2) deleting from the third numbered subparagraph of the sixth decretal paragraph thereof the phrase "together with legal interest thereon from the 22nd day of December, 1999," and substituting therefor the phrase "together with interest thereon at the rate of 16% per annum from the date of the Referee's report, December 22, 1999, through May 16, 2000, and thereafter at the rate of 9%

per annum"; as so modified, the order and judgment is affirmed, without costs or disbursements.

The Supreme Court correctly confirmed the Referee's determination that the terms of the bond and mortgage at issue were not inconsistent, and that the respondent was entitled to collect interest on the unpaid balance at the rate of 16% per annum. There is no dispute that the appellant defaulted on the bond and mortgage. Although the default interest rate of 16% per annum is found only in the mortgage, the bond provides "that all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument." The default interest rate found in the mortgage is incorporated by reference into the bond and, therefore, the respondent was entitled to use the default rate of interest in calculating the amount owed under the bond (*see, P.T. Bank Cent. Asia, N.Y. Branch v Ho Ho Ho Realty Co.,* 273 AD2d 212).

We modify, however, to stop the running of interest at the rate of 16% per annum after May 16, 2000, and to direct that interest accrue at the rate of 9% per annum as of May 17, 2000 (*see,* CPLR 5004).

The respondent was in possession of the original Referee's report sworn to April 11, 2000, but did not move to confirm the report until five months later, in October 2000. Interest continued to accrue during this period, however, at the default rate of 16% per annum. In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party (*see, Sloane v Gape,* 216 AD2d 285, 286; *South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp.,* 54 AD2d 978; *Fourth Fed. Sav. Bank v Nationwide Assoc.,* 183 Misc 2d 165, 170). Under the unusual circumstances of this case, it would be unconscionable to reward the respondent for his unexplained delay in moving to confirm the Referee's report by charging the appellant the 16% rate of interest after May 16, 2000. We agree with the appellant that it would have been reasonable for the respondent to have made his motion by that date (*Gasco Corp. & Gordian Group of Hong Kong v Tosco Props.,* 236 AD2d 510, 512; *Dollar Fed. Sav. & Loan Assn. v Herbert Kallen, Inc.,* 91 AD2d 601, 602; *Yagamo Acquisitions v Baco Dev. 102 St.,* 278 AD2d 134). Florio, J.P., Smith, McGinity and Crane, JJ., concur.