■ PREFERRED GROUP OF MANHATTAN, INC., Appellant, v FABIUS MAXIMUS, INC., et al., Respondents, et al., Defendants. [859 NYS2d 236]—

In an action to foreclose a mortgage, the plaintiff mortgagee appeals (1), as limited by its brief, from stated portions of a decision of the Supreme Court, Nassau County (Peck, J., as referee), entered May 12, 2005, (2) from a decision of the same court entered September 21, 2005, (3) as limited by its brief, from so much of an order of the same court (Alpert, J.), entered June 9, 2006, as denied its cross motion to vacate the decisions, and (4), as limited by its brief, from so much of a judgment of the same court (Woodard, J.), entered February 14, 2008, as, upon the decisions, awarded it the principal sum of only $154,602.18, plus interest at the rate of 9.5% from August 31, 2002, to September 25, 2006, plus interest at the legal rate from the date of the judgment, and failed to award it attorneys' fees.

Ordered that the appeals from the decisions and the order are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeals from the decisions must be dismissed as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]). The appeal from the order must be dismissed because no appeal lies from an order denying a motion to vacate a decision (*see Matter of Mobilevision Med. Imaging Servs., LLC v Sinai Diagnostic & Interventional Radiology, P.C.*, 34 AD3d 815 [2006]; *Vaglica v Homeyer*, 30 AD3d 587 [2006]).

The function of a referee who has been appointed to determine a factual issue is to assess the credibility of witnesses and resolve conflicting testimony, and generally the reviewing court will not disturb the referee's findings as long as they are supported by the record (*see Freedman v Freedman,* 211 AD2d 580 [1995]; *Kardanis v Velis,* 90 AD2d 727 [1982]). Here, the evidence adduced at the hearing was sufficient to support the referee's determination that the attorney for the plaintiff mortgagee had the authority to collect the disputed mortgage payments on behalf of the mortgagee.

In addition, the referee providently exercised his discretion in determining that the mortgagee was not entitled to collect interest at the default rate of 16% per annum. In exercising that discretion, the referee properly considered the fact that the mortgagee's failure to provide a timely and accurate payoff letter prevented the mortgagor from making the final balloon payment (*see Danielowich v PBL Dev.,* 292 AD2d 414 [2002]; *Grossman v Pendant Realty Corp.,* 221 AD2d 240 [1995]; *Sloane v Gape,* 216 AD2d 285 [1995]; *Dollar Fed. Sav. & Loan Assn. v Herbert Kallen, Inc.,* 91 AD2d 601 [1982]).

Contrary to the mortgagee's contention, it was not entitled to recover the attorney's fees that it incurred in this foreclosure action because the mortgage did not expressly provide for such an award (*see Vardy Holding Co. v Metric Resales,* 131 AD2d 564 [1987]; *Lipton v Specter,* 96 AD2d 549 [1983]; *Jamaica Sav. Bank v Cohan,* 38 AD2d 841 [1972]).

The mortgagee's remaining contentions are without merit. Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.