■ NAIMA DAYAN, Appellant, v JOSEPH YORK et al., Respondents. [859 NYS2d 673]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated November 14, 2006, as granted that branch of the motion of the defendant Joseph York which was to cancel any accrued interest and penalties to her that accrued from the date of entry of the judgment of foreclosure and sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

The property subject to this mortgage foreclosure action was the marital home of the defendants Joseph York and Esther York and is subject to equitable distribution in a pending matrimonial action between the defendants. This action was commenced by Republic Bank for Savings (hereinafter Republic) against the defendants in January 1994. The plaintiff Esther York's mother and her late husband purchased the mortgage from Republic on January 20, 1995 and did not discontinue the foreclosure proceedings. The plaintiff was substituted for Republic in the foreclosure proceeding and did not seek a judgment of foreclosure and sale until November 28, 2001. The judgment of foreclosure and sale awarded the plaintiff accrued interest and penalties. Interest and penalties continued to accrue after the judgment was entered. As of the date of Joseph York's motion, inter alia, to cancel any accrued interest and penalties to the plaintiff, the plaintiff had not taken any action to enforce the judgment so that her daughter Esther and her grandchildren could continue living in the house.

In an action of an equitable nature, the recovery of interest is within the court's discretion (see CPLR 5001 [a]; *Danielowich v PBL Dev.*, 292 AD2d 414, 415 [2002]). The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party (see *Danielowich v PBL Dev.*, 292 AD2d at 415; *Sloane v Gape,* 216 AD2d 285, 286 [1995]; *South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp.,* 54 AD2d 978 [1976]). Under the unusual circumstances of this case, it would be unconscionable to charge Joseph York with accrued interest and penalties for the plaintiff's delay in completing the foreclosure action (see *generally Gasco Corp. & Gordian Group of Hong Kong v Tosco Props.,*

236 AD2d 510, 512 [1997]; *Griffo v Swartz,* 61 Misc 2d 504, 512-513 [1969]). Accordingly, the Supreme Court properly granted that branch of Joseph York's motion which was to cancel any accrued interest and penalties to the plaintiff that accrued after the judgment was entered.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.