■ CITICORP TRUST BANK, FSB, Respondent, v ELENA C. VIDAURRE et al., Defendants, and GIFTPORTS, INC., Doing Business as JOMASHOP, Appellant. [897 NYS2d 501]—

In an action to foreclose a mortgage, the defendant Giftports, Inc., doing business as Jomashop, appeals (1) from a decision of the Supreme Court, Richmond County (Giacobbe, J.), dated July 10, 2008, and (2), as limited by its brief, from so much of an order of the same court dated November 17, 2008, as, upon the decision, granted the plaintiff's motion, inter alia, for summary judgment, in effect, dismissing its second affirmative defense.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Giftports, Inc., doing business as Jomashop (hereinafter Giftports), employed the defendant Elena C. Vidaurre until mid-December 2004. Several months prior to her departure from Giftports, Vidaurre and the defendant Patrick Gilles executed a mortgage note and mortgage dated July 17, 2004, on their home in Staten Island, in order to secure a loan in the principal sum of $161,583.91, made to them by the plaintiff Citicorp Trust Bank, FSB (hereinafter Citicorp). On February 13, 2007, Citicorp commenced this mortgage foreclosure action, naming Giftports as a defendant based on Giftports' potential interest in the premises as a constructive trustee. According to the second affirmative defense contained in Giftport's amended answer dated November 15, 2007, it claims the right to a "constructive trust" on the mortgaged premises to the extent of any improvements and payments made with moneys allegedly stolen from it by Vidaurre during the term of her employment.

In support of its motion, inter alia, for summary judgment, in effect, dismissing Giftport's second affirmative defense, Citicorp made a prima facie showing of its entitlement to judgment as a matter of law. In opposition, Giftports failed to raise a triable issue of fact as to whether its "constructive trust" entailed an equitable lien on the mortgaged property that was first-in-time relative to Citicorp's July 17, 2004, mortgage, which was recorded on November 29, 2004. Giftports also claimed, in essence, that Citicorp failed to prove that it has the status of a "bona fide purchaser." Even if such a trust or such a lien came into existence prior to Citicorp's mortgage interest on July 17, 2004,

Citicorp could not have discovered, through the use of public records, the existence of such a trust or lien, and, in the circumstances of this case, Citicorp must be considered a good faith purchaser. Citicorp was in no position to discover Vidaurre's alleged criminal misconduct any sooner than did Giftports, and Citibank was in no better position than Giftports to determine whether and, if so, when Vidaurre might have used any money stolen by her in order to pay for the acquisition of any interest in, or the making of any improvements to, the mortgaged property.

Accordingly, the Supreme Court properly granted that branch of Citicorp's motion which was for summary judgment, in effect, dismissing Giftport's second affirmative defense. Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.