■ CORONET CAPITAL COMPANY, Plaintiff, v ROSALIND T. SPODEK, Doing Business as COLLEGE PROPERTIES, et al., Appellants, et al., Defendants. MARILYN BILPUH, Nonparty Respondent. [904 NYS2d 733]—

In an action, inter alia, to foreclose a mortgage, the defendants Rosalind T. Spodek, doing business as College Properties, and J. Leonard Spodek appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated November 24, 2008, as denied those branches of their motion which were, in effect, to direct the nonparty Marilyn Bilpuh, executor of the estate of Laurence J. Gold, temporary receiver, to pay interest pursuant to CPLR 5001, 5002 and 5003 on awards in the sums of $102,771.57 and $71,487.33, and, in effect, to direct Marilyn Bilpuh to pay interest pursuant to CPLR 5002 and 5003 on an award in the sum of $4,652.53.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the appellants'

motion which were, in effect, to direct Marilyn Bilpuh to pay interest pursuant to CPLR 5002 and 5003 on the awards in the sums of $102,771.57, $71,487.33, and $4,652.53, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In the 1980s the appellants, who were married to each other, each owned an apartment building located in Brooklyn. The plaintiff held a mortgage on each property. In October 1988 the plaintiff commenced the instant action, seeking, inter alia, to foreclose on its mortgages. Soon thereafter, Laurence J. Gold (hereinafter the receiver) was appointed temporary receiver of the buildings. In November 1989 the Supreme Court issued a judgment of foreclosure and sale, directing that the buildings be sold at auction. Approximately six months later, they were sold at an auction. In an order dated September 17, 1991, the Supreme Court settled the receiver's account, and awarded the receiver a particular commission. In an order dated January 23, 1998, which was based on a prior written decision dated May 23, 1997, the Supreme Court, which determined that there had been an overpayment in the sum of $102,771.57 towards the receiver's commission, in effect, directed that the receiver pay the appellants the sum of $102,771.57. Approximately two years later, the receiver paid the sum of $102,771.57, without any interest. In an order dated March 9, 1999, which was based on a prior written decision dated October 1, 1998, the Supreme Court, in effect, directed the receiver, who, several years earlier, received a tax refund check in the sum of $71,487.33, to pay the appellants the sum of $71,487.33. Approximately one year later, the receiver paid the sum of $71,487.33, without any interest. On February 21, 2001 the receiver died. Marilyn Bilpuh (hereinafter the executor) was appointed the executor of the receiver's estate. In a "decision, order and judgment" dated December 16, 2004, the Supreme Court found that the receiver failed to turn over the sum of $4,652.53 in security deposits he collected from the buildings' tenants. Thus, the Supreme Court directed the executor to pay the sum of $4,652.53. However, she failed to pay that amount, or any interest thereon.

In June 2008 the appellants moved, inter alia, in effect, to direct the executor to pay "pre-decision" interest pursuant to CPLR 5001 on the awards in the sums of $102,771.57 and $71,487.33. The appellants also moved, in effect, to direct the executor to pay "post-decision" interest pursuant to CPLR 5002

and 5003 on those awards and the award in the sum of $4,652.53.

The Supreme Court properly denied those branches of the appellants' motion which were, in effect, to direct the executor to pay pre-decision interest pursuant to CPLR 5001 on the awards in the sums of $102,771.57 and $71,487.33. The appellants appealed from the order dated January 23, 1998 (*see Coronet Capital Co. v Spodek*, 265 AD2d 291 [1999]), as well as from the order dated March 9, 1999 (*see Coronet Capital Co. v Spodek*, 279 AD2d 600, 600-601 [2001]), and, under the circumstances, the doctrine of law of the case precluded the Supreme Court from considering the issue of whether the executor should be directed to pay pre-decision interest pursuant to CPLR 5001 on those awards (*see Stone v Stone*, 39 AD3d 534, 535 [2007]; *Jacobs v Macy's E., Inc.*, 17 AD3d 318, 320 [2005]; *Palumbo v Palumbo*, 10 AD3d 680, 682 [2004]). In any event, under the circumstances, the determination that the Executor should be directed to pay pre-decision interest pursuant to CPLR 5001 on those awards is a matter that rests within a court's discretion (*see* CPLR 5001 [a]; *Dayan v York*, 51 AD3d 964, 965 [2008]; *Danielowich v PBL Dev.*, 292 AD2d 414, 415 [2002]; *Sloane v Gape*, 216 AD2d 285, 286 [1995]; *South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp.*, 54 AD2d 978 [1976]; *cf. Prudential Sav. Bank v Madewell Homes Corp.*, 241 App Div 771, 772 [1934]), and we find that it would not be appropriate to direct the executor to do so.

However, the Supreme Court should have granted those branches of the appellants' motion which were, in effect, to direct the executor to pay post-decision interest pursuant to CPLR 5002 and 5003 on the awards in the sums of $102,771.57, $71,487.33, and $4,652.53, at the statutory rate of 9% (*see* CPLR 5004), from the date of the decision to the dates those sums were or will be paid. The appellants are entitled to such interest "as a matter of right" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5003, at 107; *see* CPLR 5002, 5003).

The appellants' remaining contentions are without merit. Covello, J.P., Santucci, Chambers and Hall, JJ., concur.