In an action to foreclose a mortgage, the defendant Giftports, Inc., doing business as Jomashop, appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Troia, J.), dated February 22, 2016, as granted those branches of the plaintiffs motion which were for an award of interest on a judgment of foreclosure and sale and for an award of an attorney’s fee, and directed an award of an attorney’s fee in the sum of $2,500, and denied that branch of its cross motion which was to toll and cancel accrued interest.
 

 Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of the defendant Giftports, Inc., doing business as Jomashop, which was to toll and cancel accrued interest, and substituting therefor a provision granting that branch of the cross motion to the extent of tolling and canceling interest that accrued between March 23, 2010, and November 26, 2014, and otherwise denying that branch of the cross motion, and (2) by deleting the provision thereof awarding the plaintiff an attorney’s fee in the sum of $2,500; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Giftports, Inc., doing business as Jomashop, and the matter is remitted to the Supreme Court, Richmond County, for a new determination on the issue of the amount of the attorney’s fee to be awarded, following the submission of a more detailed affirmation of services rendered, and, if necessary, for a hearing on that issue.
 

 “In an action of an equitable nature, the recovery of interest is within the court’s discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party” (Prompt Mtge. Providers of N. Am., LLC v Zarour, 148 AD3d 849, 851 [2017] [internal quotation marks omitted]; see CPLR 5001 [a]; Dayan v York, 51 AD3d 964, 965 [2008]). Here, the plaintiff failed to adequately explain its lengthy delay in prosecuting this foreclosure action. Under the circumstances, the Supreme Court should have granted that branch of the cross motion of the defendant Giftports, Inc., doing business as Jomashop, which was to toll and cancel interest that accrued to the extent of tolling and canceling interest that accrued between March 23, 2010, the date of the decision of a prior appeal in this case, in which this Court affirmed the award of summary judgment to the plaintiff (see Citicorp Trust Bank, FSB v Vidaurre, 71 AD3d 942 [2010]), and November 26, 2014, the date of the referee’s report (see Dollar Fed. Sav. & Loan Assn. v Herbert Fallen, Inc., 91 AD2d 601 [1982]; South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp., 54 AD2d 978 [1976]; see also Danielowich v PBL Dev., 292 AD2d 414, 415 [2002]).
 

 An award of an attorney’s fee pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered (see People’s United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691 [2016]). “In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel’s experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation” (id. at 691; see Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 780 [2014]). “While a hearing is not required in all circumstances, the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered” (People’s United Bank v Patio Gardens III, LLC, 143 AD3d at 691 [internal quotation marks omitted]). “There must be a sufficient affidavit of services, detailing the hours reasonably expended . . . and the prevailing hourly rate for similar legal work in the community” (SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 988 [2006] [internal quotation marks omitted]).
 

 In this case, the affirmation of services rendered submitted by the plaintiffs counsel did not set forth counsel’s experience, ability, and reputation, and failed to detail the prevailing hourly rate for similar legal work in the community (see People’s United Bank v Patio Gardens III, LLC, 143 AD3d at 691; SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d at 988). Moreover, the affirmation of services failed to indicate whether the hours listed were expended by the affirmant, rather than a predecessor firm, and listed “anticipatory services to be rendered” amounting to more than half of the hours purportedly expended. Accordingly, the matter must be remitted to the Supreme Court, Richmond County, for a new determination on the issue of the amount of an attorney’s fee to be awarded, following the submission of a more detailed affirmation of services rendered, and, if necessary, for a hearing on that issue.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.