BAC Home Loans Servicing, L.P. v Jackson (2018 NY Slip Op 01896)





BAC Home Loans Servicing, L.P. v Jackson


2018 NY Slip Op 01896


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
LEONARD B. AUSTIN
ANGELA G. IANNACCI, JJ.


2015-10419
 (Index No. 16265/10)

[*1]BAC Home Loans Servicing, L.P., etc., respondent,
v
Brian Jackson, appellant, et al., defendants.


Brian Jackson, Freeport, NY, appellant pro se.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (William Knox of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brian Jackson appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered August 18, 2015, as denied those branches of his motion which were to dismiss the complaint insofar as asserted against him for failure to comply with 22 NYCRR 202.12-a(b)(1) or, in the alternative, in effect, to toll the accrual of interest on the mortgage loan, and for leave to serve and file an amended answer to assert the defense of lack of standing.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendant Brian Jackson which was, in effect, to toll the accrual of interest on the mortgage loan, and substituting therefor a provision granting that branch of the motion to the extent of tolling the accrual of interest between December 22, 2010, and November 6, 2014, and otherwise denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion which was for leave to serve and file an amended answer to assert the defense of lack of standing, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Brian Jackson.
On August 25, 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Brian Jackson. Jackson, acting pro se, served his answer on September 20, 2010. A request for judicial intervention (hereinafter RJI) was not filed in this action until November 10, 2014. Thereafter, Jackson moved, inter alia, to dismiss the complaint insofar as asserted against him for failure to comply with 22 NYCRR 202.12-a(b)(1) based on the plaintiff's failure to timely file an RJI requesting a settlement conference or, in the alternative, in effect, to toll the accrual of interest on the mortgage loan following the filing of the summons and complaint. Jackson also sought leave to amend his answer to assert several affirmative defenses, including lack of standing. The Supreme Court, inter alia, denied those branches of his motion.
While 22 NYCRR 202.12-a(b)(1) states that at the time that proof of service of a summons and complaint is filed with the clerk, a plaintiff in a mortgage foreclosure action shall file [*2]a specialized RJI applicable to such actions, it does not provide that the failure to do so will result in the dismissal of the action. Accordingly, the Supreme Court properly denied that branch of Jackson's motion which was to dismiss the complaint for failure to comply insofar as asserted against him with 22 NYCRR 202.12-a(b)(1).
"In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 915 [internal quotation marks omitted]; see CPLR 5001[a]; LaSalle Bank, N.A. v Dono, 135 AD3d 827, 829; US Bank N.A. v Williams, 121 AD3d 1098, 1101-1102; Dayan v York, 51 AD3d 964, 965; Preferred Group of Manhattan, Inc. v Fabius Maximus, Inc., 51 AD3d 889, 890). Here, the plaintiff contends that it initially attempted to file an RJI on October 22, 2010, but that the RJI was rejected by the Supreme Court for failure to comply with Administrative Order 548/10. Administrative Order 548/10, which was promulgated on October 20, 2010, by the Chief Administrative Judge of the Courts, required that, " effective immediately,' . . . a plaintiff's attorney in certain mortgage foreclosure actions [had] to submit an affirmation confirming the factual accuracy and the accuracy of notarizations of all filings in support of foreclosure" (Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1064 quoting Administrative Order 548/10). This Administrative Order provided that, in new cases, the affirmation had to accompany the RJI. However, where a residential mortgage foreclosure action was pending on the effective date of Administrative Order 548/10, and no judgment of foreclosure had been entered, such as in the instant case, Administrative Order 548/10 provided that the affirmation must be filed at the time of filing either the proposed order of reference or the proposed judgment of foreclosure. Since this was a pending case, the RJI should not have been rejected by the court for failure to file an attorney affirmation with the RJI. The attorney affirmation did not have to be filed until the plaintiff submitted either the proposed order of reference or the proposed judgment of foreclosure (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d at 1064; U.S. Bank, N.A. v Ramjit, 125 AD3d 641, 642).
Although the initial October 2010 RJI may have been rejected erroneously, the plaintiff fails to explain the ensuing four-year delay between the initial October 2010 filing and the subsequent filing on November 6, 2014. Under the unusual circumstances of this case, since Jackson was prejudiced by this unexplained delay, during which time interest had been accruing, the interest on the loan should have been tolled from December 22, 2010 (that is, 60 days after the alleged initial October 2010 RJI was filed, the time period during which a settlement conference would be scheduled), through the date that the plaintiff filed the subsequent RJI on November 6, 2014 (see Greenpoint Mtge. Corp. v Lamberti, 155 AD3d 1004; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935; Dayan v York, 51 AD3d 964, 956; Danielowich v PBL Dev., 292 AD2d 414; Dollar Fed. Sav. & Loan Assn. v Herbert Kallen, Inc., 91 AD2d 601; South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp., 54 AD2d 978; Wells Fargo Bank, N.A. v Lindo, 2013 NY Slip Op 30375[U], *12-13 [Sup Ct, NY County]; cf. U.S. Bank Nat. Ass'n v Williams, 121 AD3d 1098, 1102).
"Leave to amend a pleading shall be freely given,' provided that the amendment is not palpably insufficient as a matter of law, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (HSBC Bank v Picarelli, 110 AD3d 1031, 1031, quoting CPLR 3025 [b] [citation omitted]). "Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (HSBC Bank v Picarelli, 110 AD3d at 1032 [internal quotation marks omitted]). Here, Jackson sought to amend his answer after he was served with the November 2014 RJI to which the plaintiff had attached a copy of the subject note, executed by him in favor of Countrywide Bank, FSB, and which had not been endorsed to the plaintiff. Since Jackson's proposed amendment to include the defense of lack of standing did not result in any prejudice to the plaintiff and was not palpably insufficient or patently devoid of merit, the Supreme Court improvidently exercised its discretion in denying that branch of Jackson's motion which was for leave to amend his answer to assert the defense of lack of standing (see US Bank, N.A. v Primiano, 140 AD3d 857, 858; HSBC Bank v Picarelli, 110 AD3d at 1032; U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724).
Accordingly, the Supreme Court should have granted those branches of Jackson's motion which were to toll the accrual of interest on the mortgage loan from December 22, 2010, through November 6, 2014, and for leave to amend his answer to assert the affirmative defense of lack of standing.
BALKIN, J.P., LEVENTHAL, AUSTIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court