Sterling Natl. Bank v Alan B. Brill, P.C. (2020 NY Slip Op 04418)





Sterling Natl. Bank v Alan B. Brill, P.C.


2020 NY Slip Op 04418


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-00613
 (Index No. 33570/15)

[*1]Sterling National Bank, etc., respondent,
v
Alan B. Brill, P.C., et al., appellants.


Buckheit & Whelan, P.C., Suffern, NY (John L. Buckheit and Nadia Ali of counsel), for appellants.
McCabe & Mack, LLP, Poughkeepsie, NY (Cory A. Poolman and Richard R. DuVall of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a loan agreement and a personal guaranty, the defendants appeal from a judgment of the Supreme Court, Rockland County (Craig Stephen Brown, J.), dated October 30, 2017. The judgment, upon an order of the same court dated September 23, 2016 (Victor J. Alfieri, Jr., J.), granting that branch of the plaintiff's motion which was for summary judgment on the first, second, third, fourth, and ninth causes of action, and denying that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Alan B. Brill, and upon an order of the same court dated March 30, 2017 (Craig Stephen Brown, J.), in effect, denying that branch of the defendants' motion which was for leave to renew that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Alan B. Brill and their opposition to that branch of the plaintiff's motion which was for summary judgment on the first, second, third, fourth, and ninth causes of action, and, in effect, upon reargument, adhering to the original determination in the order dated September 23, 2016, is in favor of the plaintiff and against the defendants Alan B. Brill, P.C., and Alan B. Brill in the total sum of $152,670.93, including an award of attorneys' fees, costs, and disbursements in the total sum of $10,322.80.
ORDERED that the appeal by the defendant Shelley Brill is dismissed, as that defendant is not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provisions thereof awarding the plaintiff attorneys' fees, costs, and disbursements in the sum of $10,322.80; as so modified, the judgment is affirmed on the appeal by the defendants Alan B. Brill, P.C., and Alan B. Brill, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Rockland County, for a new determination of the amount of attorneys' fees, costs, and disbursements to be awarded, in accordance herewith, and the entry of an appropriate amended judgment thereafter.
The plaintiff, Sterling National Bank (hereinafter the bank), commenced this action in 2015 to recover damages for breach of a loan agreement into which it entered with the defendant Alan B. Brill, P.C., and a personal guaranty of that loan by the defendant Alan B. Brill (hereinafter together the defendants). The Supreme Court granted those branches of the bank's motion which were for summary judgment on the first, second, third, fourth, and ninth causes of action, which [*2]alleged that the defendants breached the loan agreement and guaranty or sought attorneys' fees and costs pursuant to the loan agreement. The court also denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Alan B. Brill personally (hereinafter Brill). The court found that the bank established its prima facie entitlement to judgment as a matter of law, and that Brill's conclusory assertion that he did not sign the guaranty was insufficient to raise a triable issue of fact. Furthermore, the signatures on the loan documents and the guaranty were clear and legible, and there was no need to compel the bank to produce the original documents for review.
The defendants moved for leave to renew and reargue their cross motion and their opposition to the bank's motion. In support of their motion, the defendants attached a copy of Brill's driver license and passport photo/signature page, in an attempt to show that the signature on the guaranty did not match his own. The Supreme Court, in effect, denied leave to renew, and, upon reargument, adhered to its original determination. The court found that the defendants did not establish a reasonable justification for their failure to submit the driver license and passport photo/signature page with the prior motion.
On October 30, 2017, the Supreme Court entered judgment in favor of the bank and against the defendants in the total sum of $152,670.93, which included $9,614.80 for attorneys' fees and $708 for costs and disbursements. The defendants appeal.
" To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a guaranty, a plaintiff must submit proof of the underlying note, a guaranty, and the failure of the defendant to make payment in accordance with the terms of those instruments'" (Cadlerock Joint Venture, L.P. v Trombley, 150 AD3d 957, 958, quoting Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 706). On its motion for summary judgment, the bank satisfied its burden through its submissions of a copy of the underlying note, the guaranty, and evidence of the defendants' failure to make payments in accordance with the note and guaranty.
In opposition, the defendants failed to raise a triable issue of fact. With regard to the defendants' claim that the signature on the guaranty was not Brill's, a forgery defense was not raised in the defendants' answer (see CPLR 3018[b]; 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 799). Moreover, a party's conclusory denial that he or she did not sign a personal guaranty, or that a signature on a guaranty is a forgery, is insufficient to raise a triable issue of fact (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384; 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d at 799-800; HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944; Anderson v Dinkes & Schwitzer, P.C., 150 AD3d 805, 806-807). Contrary to the defendants' contentions, they have not raised anything other than a "bald assertion of forgery" (82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d at 799). The signature on the guaranty is similar to the signatures on the other loan agreement documents, which Brill admits he signed, and do not "differ enough . . . to raise a triable issue of fact" (TD Bank, N.A. v Piccolo Mondo 21st Century, Inc., 98 AD3d 499, 500). The defendants' argument that the signature on the guaranty does not match the signature on Brill's affidavit was not raised before the Supreme Court in opposition to the bank's motion for summary judgment and is not properly before this Court (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1031).
Contrary to the defendants' contention, summary judgment was not premature. " [A] grant of summary judgment is not premature merely because discovery has not been completed'" (U.S. Bank N.A. v Wiener, 171 AD3d 1241, 1242, quoting Lamore v Panapoulos, 121 AD3d 863, 864; see Mogul v Baptiste, 161 AD3d 847, 848). "In order for a motion for summary judgment to be denied as premature, the opposing party must provide an evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were in the exclusive knowledge and control of the moving party" (Mogul v Baptiste, 161 AD3d at 848 [internal quotation marks omitted]; see Reale v Tsoukas, 146 AD3d 833, 835). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (HSBC Bank USA, N.A. v Armijos, 151 AD3d at 944 [internal quotation marks omitted]; see Cenlar FSB v Tenenbaum, 172 AD3d 806, 807; Reale v Tsoukas, 146 AD3d at 835-836; Lamore v Panapoulos, 121 AD3d at 864). [*3]The defendants have not offered any evidence which would give rise to something more than "mere hope or speculation" that the production of the original guaranty would allow them to prove that Brill's signature was forged (HSBC Bank USA, N.A. v Armijos, 151 AD3d at 944 [internal quotation marks omitted]).
Accordingly, we agree with the Supreme Court's determination, upon reargument, to adhere to its original determinations granting that branch of the bank's motion which was for summary judgment on the first, second, third, fourth, and ninth causes of action, and denying that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Brill.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]). The movant must offer a reasonable justification for failing to present the new evidence on the prior motion and demonstrate that the new evidence, if provided to the court in the first instance, would have changed the prior determination (see Matter of Pesola Trust, 166 AD3d 885, 887; Moore v Burns, 165 AD3d 1098, 1100). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d 512, 513; see JPMorgan Chase Bank, N.A. v Novis, 157 AD3d 776, 777). Here, the defendants failed to provide a reasonable justification for why they did not submit copies of Brill's driver license and passport photo/signature page in opposition to the bank's motion in the first instance (see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891, citing Rowe v NYCPD, 85 AD3d 1001, 1003).
Contrary to the defendants' contention, the Supreme Court did not err in entering a judgment in favor of the bank and against the defendants without conducting a hearing on the issue of damages. The defendants failed to raise a triable issue of fact with respect to damages (see W6 Facility X, LLC v West 6 Care Ctr., Inc., 169 AD3d 968, 969; Clemente Bros. Contr. Corp. v Hafner-Milazzo, 100 AD3d 677, 679, mod 23 NY3d 277). The cases cited by the defendants address default judgments, and are therefore inapposite (cf. Reynolds Sec., Inc. v Underwriters Bank & Trust Co., 44 NY2d 568, 572-573; Pikulin v Mikshakov, 258 AD2d 450, 451; Bowdren v Peters, 208 AD2d 1020, 1021).
The defendants are correct, however, in asserting that the Supreme Court should not have awarded the bank attorneys' fees, costs, and disbursements based solely on the affirmation of legal services provided by the bank's attorney. "An award of an attorney's fee pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935; see Greenpoint Mtge. Corp. v Lamberti, 155 AD3d 1004, 1005). "In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d at 935 [internal quotation marks omitted]; see Greenpoint Mtge. Corp. v Lamberti, 155 AD3d at 1005). "While a hearing is not required in all circumstances, the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d at 935 [internal quotation marks omitted]). "There must be a sufficient affidavit of services, detailing the hours reasonably expended . . . and the prevailing hourly rate for similar legal work in the community" (id. [internal quotation marks omitted]).
Here, the affirmation of services rendered submitted by the bank's counsel "did not set forth counsel's experience, ability, and reputation, and failed to detail the prevailing hourly rate for similar legal work in the community" (id.). Accordingly, we remit the matter to the Supreme Court, Rockland County, for a new determination of the amount of attorneys' fees, costs, and disbursements to be awarded, following the submission of a more detailed affirmation of services rendered and a bill of costs, and, if necessary, a hearing on that issue (see id. at 936; Greenpoint Mtge. Corp. v Lamberti, 155 AD3d at 1005).
The defendants' remaining contentions are without merit.
BALKIN, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court