People's United Bank v Patio Gardens III, LLC (2020 NY Slip Op 08090)





People's United Bank v Patio Gardens III, LLC


2020 NY Slip Op 08090


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-09688
 (Index No. 8058/12)

[*1]People's United Bank, etc., respondent, 
v
Patio Gardens III, LLC, appellant, et al., defendants.


The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Jennifer J. Block and Keri A. Joeckel of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for respondent.



DECISION & ORDER
In an action to foreclose two mortgages, the defendant Patio Gardens III, LLC, appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated July 6, 2017. The order denied the motion of the defendant Patio Gardens III, LLC, to toll and cancel the interest due under the subject mortgage loans from July 14, 2015, until the date of entry of an amended judgment of foreclosure and sale.
ORDERED that the order is affirmed, with costs.
In March 2002, the plaintiff commenced this action to foreclose two mortgages, one each on two separate parcels of commercial real property owned by the defendant Patio Gardens III, LLC (hereinafter Patio Gardens). In an order dated July 14, 2015, the Supreme Court granted the plaintiff's motion for a judgment of foreclosure and sale, which was issued on the same date. The sale of the properties was adjourned several times, and this action was stayed, inter alia, while a prior related appeal was pending.
By notice of motion dated April 5, 2017, Patio Gardens moved to toll and cancel the interest due under the subject mortgage loans from July 14, 2015, until the date of entry of an amended judgment of foreclosure and sale, on the ground that all of the delay that has occurred since July 14, 2015, is attributable to the plaintiff. The Supreme Court denied the motion, and Patio Gardens appeals. We affirm.
"[A] foreclosure action is equitable in nature and triggers the equitable powers of the court" (Rajic v Faust, 165 AD3d 716, 717 [internal quotation marks omitted]; see U.S. Bank N.A. v Losner, 145 AD3d 935, 937). "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862 [internal quotation marks omitted]; see Breskin v Moronto, 172 AD3d 1298; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 934), such as where the plaintiff's conduct has prejudiced the defendant (see BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d at 863). Further, a tolling and cancellation of interest may also be warranted where there is an unexplained [*2]delay in prosecution of a mortgage foreclosure action (see Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934; Danielowich v PBL Dev., 292 AD2d 414, 415; South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp., 54 AD2d 978).
Here, we agree with the Supreme Court's determination that the complained-of delay in obtaining an amended judgment of foreclosure and sale cannot be solely attributable to the plaintiff, and that the complained-of conduct of the plaintiff in this action was not so egregious as to merit the imposition of sanctions against it in the form of limiting the interest awarded (see Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 915).
Accordingly, the Supreme Court providently exercised its discretion in denying Patio Gardens' motion to toll and cancel the interest due under the subject mortgage loans from July 14, 2015, until the date of entry of an amended judgment of foreclosure and sale.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court