Structured Asset Sec. Corp. Mtge. Pass-Through Certificates, Series 2006-BC4 v Lee (2025 NY Slip Op 25197)

[*1]

Structured Asset Sec. Corp. Mtge. Pass-Through Certificates, Series 2006-BC4 v Lee

2025 NY Slip Op 25197

Decided on August 28, 2025

Supreme Court, Suffolk County

Fields, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on August 28, 2025
Supreme Court, Suffolk County

Structured Asset Securities Corporation Mortgage Pass-Through Certificates, 
 Series 2006-BC4, U.S. BANK, NATIONAL ASSOCIATION, Plaintiff(s),

against
John J. Lee, RONNIE LEE, UNITED STATES OF AMERICA-INTERNAL REVENUE SERVICE, CLERK OF THE SUFFOLK COUNTY DISTRICT COURT, CAPITAL ONE BANK USA, N.A. et al., Defendant(s).

Index No. 604225/2023

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, New York (Jeremy Kaufman, Esq., of counsel)
Grausso & Foy, LLP, Patchogue, New York (Edmund Foy, Esq., of counsel)

Aletha V. Fields, J.

Upon efiled documents 140-157, 159-165, and any efiled documents cited herein or therein, considered on the cross-motion of defendant John J. Lee (movant) seeking an order cancelling, tolling or discharging [FN1]
interest in whole or part, it is hereby
ORDERED that movant's motion to cancel interest be, and it hereby is, GRANTED to the limited extent that interest for 189 days be, and hereby is, cancelled, without motion costs, and be, and hereby is, otherwise DENIED; and it is further
ORDERED that the calculation of the exact dollar amount be, and hereby is, deferred to a later time in this litigation.
To clarify the terminology in this order, this Court finds that movant filed its application as a cross-motion to plaintiff's then-made but now-withdrawn motion for summary judgment and for other relief. Thus, this Court refers to the only pending application as a cross-motion, for originally it was correctly styled that way.
This is the second residential mortgage foreclosure action in which a plaintiff seeks to foreclose upon the mortgage (NY Cts Elec Filing [NYSCEF] Doc No. 159, Affirmation in Opposition, ¶ 5; cf. NYSCEF Doc No. 142, Affirmation in Support; NYSCEF Doc No. 144, 2018 Action Complaint filed as Exhibit A [FN2]
). Plaintiff filed the first action in 2018 and voluntarily discontinued it in 2022 before the effective date of the Foreclosure Abuse Prevention Act (L 2022, ch 821). Because this action was commenced in 2023, and the prior action was commenced in 2018, only a maximum of five years could have elapsed since the 2018 action's acceleration of the entire amount due. That timeline shows and this Court finds that plaintiff commenced this action within six years of the prior action. This Court recognizes that movant's answer's twenty-fourth affirmative defense raises the statute of limitations (NYSCEF Doc No. 113, Answer) and notes that movant does not seek dismissal on those grounds on this cross-motion.
Movant alleges, and plaintiff does not dispute, that post-commencement, the first action stood dormant for a long time. The timeline on the first action shows that plaintiff commenced it on May 23, 2018 and filed the last of the proofs of service on June 18, 2018 (NYSCEF Doc No. 145, Document Filing History from County Clerk, filed as Exhibit B). However, plaintiff did not an RJI seeking a CPLR 3408 conference until October 4, 2018 (id.). Other than the motion to discontinue, the 2018 action was the subject of no motion practice, but movant and a co-defendant filed an answer and sought discovery (id.; NYSCEF Doc No. 33-34, 41, answer with counterclaims; interrogatories; stipulation - discovery, all in U.S. Bank, N.A., as trustee v John J. Lee a/k/a John Lee, et al., Sup Ct, Suffolk County, index No. 609877/2018). The 2018 action was discontinued on June 23, 2022. Plaintiff commenced this action on February 2, 2023. Movant argues that this "approximately half a decade" delay from the 2018 action's commencement to this action's commencement allowed plaintiff to profit "by eating into the equity in the house through their unreasonable delay in prosecuting [the 2018] action" (NYSCEF Doc No. 143, Memorandum of Law at 22). Movant characterizes the delay in the 2018 action as "egregious" (id.).
Movant also argues, and the NYSCEF docket supports, that in this action, "[p]laintiff took approximately seven (7) months to file an RJI" (id.).
In opposition to movant's cancellation application, plaintiff argues that controlling appellate precedent prohibits interest cancellation in respect of pre-commencement delay in a timely filed action. Plaintiff also asserts that it filed the RJI in this action timely. In essence, plaintiff's position [*2]is, "We did everything within the law's time limits, so no cancellation can occur."
"In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (Dayan v York, 51 AD3d 964, 965 [2d Dept 2008]; see, CPLR 5001 [a]).
Pre-Commencement Delay 
When the delay between default and commencement is six or fewer years, cancellation, the Second Department precedent is clear that cancellation may not occur (e.g., Nationstar Mtge., LLC v Dunn, 186 AD3d 836 [2d Dept 2020] cited by U.S. Bank Trust v Frankfurter, 228 AD3d 904 [2d Dept 2020]). Here, the default occurred on December 1, 2017 (NYSCEF Doc No. 1, complaint, ¶ 11), so interest has been accruing since November 1, 2017 (id., ¶ 13). The delay between default and commencement of this action is fewer than six years, so regardless of what happened in the 2018 action, had this been the first foreclosure action, no cancellation of interest could occur. So much of movant's motion seeking cancellation for pre-commencement delay, including insofar as such delay occurred in the 2018 action, is denied.
RJI Delay
The RJI that plaintiff filed in this action sets forth that the realty is residential and is one- to four-family owner occupied realty. A home loan is defined at RPAPL § 1304 (6). Here, the borrower on the note and on the mortgage is a natural person; those documents provide adequate evidence to find that the mortgage debt, as modified, was incurred for personal purposes, namely to finance or re-finance the borrower's dwelling. The mortgaged realty is located within New York State, and, as set forth in the RJI, the realty is residential, one- to four-family owner occupied property. Thus, all the elements of RPAPL § 1304 (6) are met. Resultingly, "[a]t the time that proof of service of the summons and complaint is filed with the county clerk, plaintiff shall file with the county clerk a specialized request for judicial intervention (RJI)" (Uniform Rules for Trial Cts [22 NYCRR] § 202.12-a [a], [b] [1]).
Plaintiff filed the RJI not contemporaneously with the proofs of service but many months later. Thus, contrary to plaintiff's contention of timely filing of the RJI, plaintiff untimely filed the RJI, which, in the words of Dayan (51 AD3d 954) constitutes wrongful conduct, sufficient to require this Court to cancel a portion of accrued interest.
As a second and independent basis for cancelling a portion of accrued interest, plaintiff's untimely filing created prejudice and undercut the goals set forth in CPLR 104. Plaintiff delayed the supreme court's awareness of this action's readiness for a CPLR 3408 conference, obtained a potential strategic advantage over non-answering defendants (contrast, U.S. Bank, N.A. v DiGiovanni, 231 AD3d 1077 [2d Dept 2024] [the timely filing of the RJI prevented plaintiff from arguing that such filing saved the complaint from dismissal as abandoned under CPLR 3215 (c)] with Citimortgage, Inc. v Zaibak, 188 AD3d 982 [2d Dept 2020] [the untimely filing of the RJI saved the complaint from dismissal as abandoned under CPLR 3215 (c)]), and obtained an interest [*3]windfall. Prejudice occurred to movant (interest windfall), to other litigants in this action (the potential 3215 [c] issue), and to other litigants whose cases await judicial attention while this action lingered during the RJI filing delay.
In light of this Court's finding that movant has carried its burden of proof to show entitlement to cancellation, this Court looks for any facts to mitigate or excuse the cancellation amount. Plaintiff offers no reason for why it waited so long to file the RJI in this action. Plaintiff did not seek a retroactive extension of time. Instead, it asserted timely filing, a position refuted by the Uniform Rules for Trial Courts' plain language. Thus, so much of movant's motion seeking cancellation of interest for the RJI delay period is granted.
Calculation of the Amount of Cancelled Interest
Plaintiff filed its proof of service as to movant on March 3, 2023 (NYSCEF Doc Nos. 8, 14). Movant is a borrower and apparent owner. Thus, interest should be cancelled beginning on and including March 4, 2023 through and including September 8, 2023, a period of 189 days.
The parties' arguments disagree about whether movant was properly served. Key is that the Uniform Rules tie to filing the proof of service. Plaintiff filed proof of service in respect of movant; plaintiff may not now take the position that it stands unbound by that filing in light of the settlement of movant's prior motion in this action to dismiss for lack of service. Plaintiff position regarding service at the time of filing the proof of service controls. Plaintiff's position then was that the affidavit of service was correct—service had occurred in compliance with the CPLR.
Not before this Court is what happens if a plaintiff delays filing a proof of service, especially in cases where service occurs by CPLR 308 (1), which provides no time limit for filing in contrast to, for example, CPLR 308 (2), which requires proof of service to be filed within 10 days of a specific event.
The exact dollar amount of cancelled interest need not now be determined. It can await subsequent developments in this action. The exact amount may become academic if the complaint is dismissed; it may be calculated by a referee if an order of reference later issues. Other possibilities exist. On this record, with the parties only now learning the period for which cancellation applies, the best exercise of discretion is to let that exact figure be determined when the parties have time to consider their specific positions as to amount and to consider the impact on this order on their overall litigation strategies in this action.
Dated: August 28, 2025
Riverhead, New York
E N T E R
Hon. Aletha V. Fields, AJSC

Footnotes

Footnote 1:The cases and this order use terms like "tolling," "cancellation," and "discharge" of interest. This Court treats them as exactly the same thing whose legal effect is to deny plaintiff recovery of all or a defined portion of the interest to which plaintiff would otherwise be entitled but for plaintiff's unreasonable delay. 

Footnote 2:Plaintiff did not object to the exhibit being part of the memorandum of law instead of the affirmation. This Court disregards the error as to this document (CPLR 2101 [f]).