U.S. Bank, N.A. v Peralta (2021 NY Slip Op 01085)





U.S. Bank, N.A. v Peralta


2021 NY Slip Op 01085


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-03316
2018-03317
 (Index No. 14510/08)

[*1]U.S. Bank, N.A., etc., respondent, 
v
Elena Peralta, appellant, et al., defendants.


The Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph S. Jacobs], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elena Peralta appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 19, 2017, and (2) an order of the same court dated January 8, 2018. The order dated December 19, 2017, inter alia, denied the cross motion of the defendant Elena Peralta to dismiss the action for failure to timely sell the premises, or, in the alternative, pursuant to CPLR 5001 to reduce or eliminate the amount of accrued interest due to the plaintiff's delay in the action. The order dated January 8, 2018, granted the plaintiff's motion for leave to file a late notice of sale and for an extension of time to sell the premises.
ORDERED that the order dated December 19, 2017, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the cross motion of the defendant Elena Peralta which was pursuant to CPLR 5001 to reduce the amount of accrued interest, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the amount of accrued interest in accordance herewith, and for the entry of an appropriate amended judgment of foreclosure and sale thereafter; and it is further,
ORDERED that the order dated January 8, 2018, is affirmed; without costs or disbursements.
The plaintiff commenced this action in May 2008 to foreclose a mortgage on certain residential property in Brooklyn, owned at the time by the defendant Elena Peralta. An order of reference was entered on November 19, 2009. Thereafter, the plaintiff took no action in this case until October 3, 2013, when it moved to vacate the November 19, 2009 order of reference and for a new order of reference. By order dated December 10, 2013, the Supreme Court granted the plaintiff's motion.
The plaintiff obtained a judgment of foreclosure and sale dated November 3, 2014. [*2]Subsequently, a notice of sale announced that the premises would be sold on May 7, 2015. However, a bankruptcy proceeding was commenced before the sale, and all proceedings to foreclose the mortgage were stayed pending the bankruptcy proceeding until October 23, 2015, when the stay was lifted.
On or about May 8, 2017, the plaintiff moved for leave to file a late notice of sale and for an extension of time to sell the property. Peralta cross-moved to dismiss the action for failure to timely sell the premises, or, in the alternative, pursuant to CPLR 5001, to reduce or eliminate the amount of accrued interest due to the plaintiff's delay in the action. In an order dated December 19, 2017, the Supreme Court, inter alia, denied Peralta's cross motion. In an order dated January 8, 2018, the court granted the plaintiff's motion. Peralta appeals from both orders.
The Supreme Court properly denied that branch of Peralta's cross motion which was to dismiss the action for failure to timely sell the premises. RPAPL 1351(1) was amended, effective December 20, 2016, to provide that a judgment of foreclosure and sale shall direct that the subject property be sold "within ninety days of the date of the judgment." Since, in this case, the judgment of foreclosure and sale was entered on January 29, 2015, 23 months before this provision came into effect, the judgment did not provide that the premises had to be sold within 90 days. Accordingly, there is no merit to Peralta's contention that the sale of the premises was required to occur within 90 days of the date of the judgment, and, therefore, we need not consider what the proper remedy would be for failure to conduct a timely sale.
However, we agree with Peralta that the Supreme Court improvidently exercised its discretion in denying that branch of her cross motion which was to reduce the accrued interest due to the plaintiff's delay in the action. A foreclosure action is equitable in nature (see Notey v Darien Constr. Corp., 41 NY2d 1055). As relevant here, CPLR 5001(a) provides that "in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." The exercise of the court's discretion in determining the appropriate interest is governed by the particular facts in each case (see Greenpoint Mtge. Corp. v Lamberti, 155 AD3d 1004, 1005-1006; Dayan v York, 51 AD3d 964, 965). Here, in view of the lengthy, unexplained delays by the plaintiff in prosecuting this action, the plaintiff should recover no interest for the approximately 64-month period from May 2018, when this action was commenced, until October 3, 2013, when the plaintiff moved to vacate the prior order of reference and for a new order of reference. In addition, the plaintiff should recover no interest for the approximately 19-month period from October 23, 2015, when the bankruptcy stay was lifted until May 8, 2017, when the plaintiff moved for leave to file a late notice of sale and for an extension of time to sell the premises (see Greenpoint Mtge. Corp. v Lamberti, 155 AD3d at 1005-1006; US Bank N.A. v Williams, 121 AD3d 1098, 1102-1103; Dayan v York, 51 AD3d at 965-966; Danielowich v PBL Dev., 292 AD2d 414, 415; Dollar Fed. Sav. & Loan Assn. v Herbert Kallen, Inc., 91 AD2d 601, 602).
Peralta's remaining contention is without merit.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court