Deutsche Bank Natl. Trust Co. v Armstrong (2023 NY Slip Op 03906)

Deutsche Bank Natl. Trust Co. v Armstrong

2023 NY Slip Op 03906

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-02255
 (Index No. 500601/13)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Junior Armstrong, appellant, et al., defendants.

Alice A. Nicholson, Brooklyn, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Sean Howland and Phionah Brown of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Junior Armstrong appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated November 13, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, in effect, denied that defendant's cross-motion to toll the accrual of interest on the subject mortgage loan from January 2008 to February 7, 2013.
ORDERED that the order and judgment of foreclosure and sale is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, in effect, denying the cross-motion of the defendant Junior Armstrong to toll the accrual of interest on the subject mortgage loan from January 2008 to February 7, 2013, and substituting therefor a provision granting the cross-motion to the extent of tolling the accrual of interest from January 1, 2009, to February 7, 2013, and otherwise denying the cross-motion; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs to the defendant Junior Armstrong, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the amount of accrued interest in accordance herewith.
In January 2008, the plaintiff's predecessor in interest, Deutsche Bank National Trust Company as Trustee for the MLMI Trust, Series 2005-AR1, commenced an action to foreclose a mortgage against the defendant Junior Armstrong (hereinafter the defendant), among others (hereinafter the first action). On or about January 9, 2013, the mortgage was assigned to the plaintiff. The plaintiff commenced the current action to foreclose the mortgage on February 7, 2013. On or about June 5, 2014, the first action was dismissed pursuant to CPLR 3216.
In the current action, the plaintiff successfully moved for summary judgment on the complaint and for an order of reference. A court-appointed referee issued a report on the amount due to the plaintiff, calculating interest from January 1, 2009. The plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to toll the accrual of interest on the mortgage loan from January 2008, when the first action was commenced, [*2]to February 7, 2013, when the current action was commenced. By order and judgment of foreclosure and sale dated November 13, 2019, the Supreme Court, inter alia, in effect, denied the defendant's cross-motion to toll the accrual of interest on the mortgage loan from January 2008, to February 7, 2013. The defendant appeals.
"A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394 [internal quotation marks omitted]). "Once equity is invoked, the court's power is as broad as equity and justice require" (id. at 1394 [internal quotation marks omitted]). "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862 [internal quotation marks omitted]; see CPLR 5001[a]; U.S. Bank, N.A. v Peralta, 191 AD3d 924, 925-926; Greenpoint Mtge. Corp. v Lamberti, 155 AD3d 1004, 1005). "Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action" (GMAC Mtge., LLC v Yun, 206 AD3d 798, 798-799 [internal quotation marks omitted]).
Here, approximately five years elapsed between the commencement of the first action by the plaintiff's predecessor in interest and the commencement of the current action. Notably, the first action was dismissed by the Supreme Court pursuant to CPLR 3216 for want of prosecution. In light of the plaintiff's failure to offer any explanation for the delays that occurred between the commencement of the first action and the current action, it should not benefit financially in the form of accrued interest during that time period (see GMAC Mtge., LLC v Yun, 206 AD3d at 799; U.S. Bank, N.A. v Peralta, 191 AD3d at 926; BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d at 863; Greenpoint Mtge. Corp. v Lamberti, 155 AD3d at 1005; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935; cf. People's United Bank v Patio Gardens III, LLC, 189 AD3d 1622, 1623). Therefore, the accrued interest on the mortgage loan should have been tolled during that time period. Inasmuch as the court did not award interest for the time period from the commencement of the first action in January 2008, through December 31, 2008, we grant the defendant's cross-motion to toll the accrual of interest on the mortgage loan to the extent of tolling the accrual of interest from January 1, 2009, to February 7, 2013.
The parties' remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court