Wilmington Sav. Fund Socy. v Brotherson (2023 NY Slip Op 06164)

Wilmington Sav. Fund Socy. v Brotherson

2023 NY Slip Op 06164

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-00909
 (Index No. 71662/20)

[*1]Wilmington Savings Fund Society, etc., plaintiff- respondent, 
v
Keith Brotherson, et al., appellants, et al., defendants; 1520 Inwood Avenue, LLC, nonparty-respondent.

Julian L. Alfonso, Jamaica, NY (Andrew Francis and Harold J. Pokel of counsel), for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Keith Brotherson and Jacqueline Brotherson appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated December 23, 2021. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court (Ernest Hart, J.) entered March 7, 2018, upon their failure to appear or answer the complaint, to set aside the sale of the subject property, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs to the plaintiff.
In 2012, the plaintiff's predecessor-in-interest commenced this action against the defendants Keith Brotherson and Jacqueline Brotherson (hereinafter together the defendants), among others, to foreclose a mortgage encumbering real property located in Rosedale. The defendants did not appear in the action or answer the complaint. In March 2018, a judgment of foreclosure and sale was entered, inter alia, directing the sale of the subject property. Thereafter, an auction was conducted by the referee during which the plaintiff purchased the property. The plaintiff thereafter sold the property to nonparty 1520 Inwood Avenue, LLC (hereinafter 1520 Inwood).
In August 2020, the defendants moved, inter alia, to vacate the judgment of foreclosure and sale, to set aside the sale of the subject property, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. By order dated December 23, 2021, the Supreme Court, inter alia, denied the defendants' motion. The defendants appeal from so much of the order as denied those branches of their motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale of the same court, to set aside the sale of the subject property, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
Pursuant to CPLR 308(2), personal service upon a natural person shall be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the [*2]summons to the person to be served at his or her last known residence" (see Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762). "A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit" (Washington Mut. Bank v Huggins, 140 AD3d 858, 859). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (id. at 859).
Here, the affidavits of the plaintiff's process server constituted prima facie evidence that the defendants were properly served pursuant to CPLR 308(2) (see Unifund CCR, LLC v Valvis, 207 AD3d 594, 595; Berganza v Pecora, 192 AD3d 743, 744). Contrary to the defendants' contention, the affidavit of Keith Brotherson was insufficient to rebut the presumption of proper service upon the defendants arising from the process server's affidavits of service (see Rattner v Fessler, 202 AD3d 1011, 1016; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802-803).
To the extent that the defendants argue that the subject branches of their motion should have been granted because the plaintiff failed to serve them with 90-day notices, that contention is without merit (see HSBC Bank USA, N.A. v Perry, 178 AD3d 685, 686).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, to set aside the sale of the subject property, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court