Matter of Taylor v Town of Ramapo Zoning Bd. of Appeals (2024 NY Slip Op 04969)

Matter of Taylor v Town of Ramapo Zoning Bd. of Appeals

2024 NY Slip Op 04969

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-09575
 (Index No. 33738/21)

[*1]In the Matter of Eric Taylor, et al., petitioners-appellants,
v
Town of Ramapo Zoning Board of Appeals, et al., respondents; John Keeley, nonparty-appellant.

Bleakley Platt & Schmidt, LLP, White Plains, NY (John J. Loveless of counsel), for petitioners-appellants.
Steven N. Mogel, Monticello, NY, for nonparty-appellant.
Itamar Yeger, Town Attorney, Suffern, NY (Alyssa M. Slater of counsel), for respondent Town of Ramapo Zoning Board of Appeals.
Zarin & Steinmetz, White Plains, NY (Daniel M. Richmond of counsel), for respondent Hillside Mikvah.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Ramapo Zoning Board of Appeals dated June 7, 2021, which, after a hearing, granted the application of the respondent Hillside Mikvah for area variances, the petitioners and nonparty John Keeley separately appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated December 10, 2021. The order and judgment, insofar as appealed from by the petitioners, granted the motion of the respondent Town of Ramapo Zoning Board of Appeals pursuant to CPLR 3211(a)(8) to dismiss the petition insofar as asserted against it for lack of personal jurisdiction and dismissed the proceeding. The order and judgment, insofar as appealed from by nonparty John Keeley, granted the motion of the respondent Town of Ramapo Zoning Board of Appeals pursuant to CPLR 3211(a)(8) to dismiss the petition insofar as asserted against it for lack of personal jurisdiction, dismissed the proceeding, and, in effect, denied, as academic, the motion of nonparty John Keeley for leave to intervene in the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable by the petitioners and nonparty John Keeley appearing separately and filing separate briefs.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Ramapo Zoning Board of Appeals (hereinafter the ZBA) dated June 7, 2021, which, after a hearing, granted the application of the respondent Hillside Mikvah for three area variances in connection with the construction of a building in a residential [*2]neighborhood to be used for religious purposes. The ZBA moved pursuant to CPLR 3211(a)(8) to dismiss the petition insofar as asserted against it for lack of personal jurisdiction, arguing that the petition was not properly served upon it. John Keeley moved for leave to intervene in the proceeding. In an order and judgment dated December 10, 2021, the Supreme Court, inter alia, granted the ZBA's motion, dismissed the proceeding, and, in effect, denied Keeley's motion as academic. The petitioners and Keeley separately appeal.
The Supreme Court properly granted the ZBA's motion pursuant to CPLR 3211(a)(8) to dismiss the petition insofar as asserted against it. CPLR 312 provides, inter alia, for personal service on a board, such as the ZBA, through the delivery of the summons to the clerk of the town or village. New York State courts have consistently required strict compliance with the statutory procedures for the institution of claims against the State and its governmental subdivisions, and where the Legislature has designated a particular public officer for the receipt of service of process, the courts are without authority to substitute another (see Matter of Buenos Hill, Inc. v City of Saratoga Springs, 223 AD3d 1030, 1032-1033; Matter of Puchalski v Depew Union Free Sch. Dist., 119 AD3d 1435, 1439; Matter of Eldor Contr. Corp. v Town of Islip, 277 AD2d 233, 234).
Although the Supreme Court relied upon an outdated version of CPLR 312 that did not allow for service upon a town clerk, it was correct in granting the ZBA's motion because the petitioners failed to establish that they served the proper person. While, generally, a process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service (see Wilmington Sav. Fund Socy. v Brotherson, 221 AD3d 1053; U.S. Bank Trust, N.A. v Catalano, 215 AD3d 992, 993-994; Unifund CCR, LLC v Valvis, 207 AD3d 594, 595), here, the process server's affidavit of service did not constitute prima facie evidence of proper service because the individual served was not the Town Clerk of the Town of Ramapo.
Because the petitioners failed to establish, prima facie, that proper service was made upon the ZBA, no hearing to determine the validity of service of process was required, and the Supreme Court properly granted, without a hearing, the ZBA's motion pursuant to CPLR 3211(a)(8) to dismiss the petition insofar as asserted against it, dismissed the proceeding, and, in effect, denied Keeley's motion for leave to intervene as academic.
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court