23-7313-cv (L)
SAC Fund II 0826, LLC v. Burnell's Enters., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of December, two thousand twenty-four.

PRESENT:  RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

SAC FUND II 0826, LLC,

*Plaintiff-Appellee*,

v.                                                        Nos. 23-7313-cv,
23-7321-cv

NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, AMERICAN EXPRESS CENTURION BANK, "JOHN DOE NO. I" TO "JOHN DOE NO. XXX," inclusive, the last thirty names being fictitious and unknown to plaintiff,

the persons or parties intended or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

*Defendants,*

BURNELL'S ENTERPRISES, INC., AMERICAN BUG CO., INC., also known as American Bug Company, Inc., RONALD BASSETT, individually and as Executor of the Estate of Adell D. Bassett,

*Defendants-Appellants.*

-------------------------------------------------------------------

FOR APPELLANTS:                     STEVEN A. BIOLSI, Biolsi Law Group P.C., New York, NY

FOR APPELLEE:                       KENNETH J. FLICKINGER, Offit Kurman, Hackensack, NJ

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the September 7, 2023 judgment and order of the District Court are AFFIRMED.

Defendants-Appellants Burnell's Enterprises, Inc., American Bug Co., Inc., and Ronald Bassett, individually and as Executor of the Estate of Adell D.

Bassett, appeal from an order and judgment of foreclosure and sale related to four parcels located in Queens, New York. On appeal, Defendants-Appellants challenge the District Court's (1) award of interest to SAC Fund II 0826, LLC during periods of alleged delay, (2) purported failure to examine the feasibility of selling the parcels individually, and (3) award of attorneys' fees to SAC Fund. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Award of Interest

Defendants-Appellants argue that the District Court inequitably awarded SAC Fund in excess of $1.6 million in interest on the unpaid principal of a mortgage encumbering the four parcels despite the fact that SAC Fund was responsible for some of the delays. Defendants-Appellants focus on two periods of alleged delay. First, they contend that interest should not accrue from April 1, 2012 (the initial default date) to June 14, 2018 (when this action commenced). They point out that during this period a prior state court foreclosure action initiated by SAC Fund's predecessor was dismissed for failure to prosecute. Second, they object to the award of interest for the period between February 24,

3

2021 (when letter briefs were submitted to the Magistrate Judge (Kuo, *M.J.*)) and May 13, 2022 (the date of Judge Kuo's report and recommendation). Reviewing for abuse of discretion, *see New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 602–03 (2d Cir. 2003), we disagree.

First, under New York law, "any delay attributable to [SAC Fund's] predecessors in interest prior to the commencement of this action . . . does not warrant the cancellation of interest." *Nationstar Mortg., LLC v. Dunn*, 127 N.Y.S.3d 800, 801 (2d Dep't 2020). Although Defendants-Appellants defaulted on tax payments in 2012, they continued making monthly payments, including interest, until 2015. This reasonably explains why SAC Fund's predecessor did not immediately accelerate the debt and commence foreclosure.

Second, SAC Fund has reasonably justified the remaining delays, some of which are attributable to Defendants-Appellants. SAC Fund persuasively argues that the state court dismissal did not necessarily reflect a lack of diligence: SAC Fund sought an extension before the deadline expired, but the court struck its request and dismissed the case while it was still pending. This case is thus distinguishable from *Deutsche Bank National Trust Co. v. Armstrong*, 195 N.Y.S.3d 8 (2d Dep't 2023), in which the court held that "[i]n light of the plaintiff's *failure to*

4

*offer any explanation* for the delays that occurred between the commencement of the first action and the current action, it should not benefit financially in the form of accrued interest during that time period," *id.* at 10 (emphasis added).  And SAC Fund's conduct was "not so egregious as to merit the imposition of sanctions against [it], in the form of limiting the interest awarded to [it]."  *Prompt Mortg. Providers of N. Am., LLC v. Zarour*, 64 N.Y.S.3d 106, 109 (2d Dep't 2017).[1]

## II.     Examination of Parcels

Defendants-Appellants next contend that the District Court failed to examine the feasibility of selling the four properties as individual parcels before ordering their sale, in violation of Real Property Actions and Proceedings Law § 1321.  They argue that "[i]t is prejudicial to auction all four parcels of land if, for example, one is 'sufficient to discharge the mortgage debt, the expenses of the sale and the costs of the action' as permitted by law."  Appellants' Br. 12 (quoting N.Y. Real. Prop. Acts. § 1351).  We are not persuaded.

---

[1] We also agree with the District Court's observation that "[a]ny hint of inequity is further belied by the fact that [Defendants-Appellants] ha[d] been collecting rent on the properties throughout the litigation, and in that respect ha[d] *benefitted* from delays." *SAC Fund II 0826, LLC v. Burnell's Enters., Inc.*, No. 18-CV-3504, 2023 WL 5786820, at *2 n.6 (E.D.N.Y. Sept. 7, 2023).

Although Defendants-Appellants assert that the Magistrate Judge erred by recommending that the parcels be sold together, the Magistrate Judge's proposed judgment makes clear that the property was to "be sold in individual parcels." *SAC Fund II 0826, LLC v. Burnell's Enters., Inc.*, No. 18-CV-3504, 2022 WL 1519515, at *12 (E.D.N.Y. May 13, 2022). And the District Court ultimately ordered that "the parcels shall be offered individually and in combination, and sold in whichever manner [resulted in an] offer of a qualified bidder." *SAC Fund*, 2023 WL 5786820, at *3. In its judgment of foreclosure and sale, the District Court clarified that "the Referee shall accept at such sale the bid or bids that yield the largest amount of money for the Property." *Id.* at *7. The District Court further specified that Defendants-Appellants "are forever barred and foreclosed of all right" in the property "excepting the case where the sale of only one, two or three of the parcels, individually or in combination, is sufficient to satisfy the judgment . . . in which case [Defendants-Appellants] will be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in only those parcels which were sold to satisfy the judgment." *Id.* at *8. Put differently, if selling fewer than all of the parcels is sufficient to discharge the debt, Defendants-Appellants retain title to the remaining unsold parcels.

6

Defendants-Appellants therefore lack standing to challenge this portion of the District Court's order and judgment because they have not alleged any "concrete injury." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Although they claim prejudice, the District Court effectively gave them what they requested by directing that the parcels be listed individually and requiring that the referee execute individual sales if those would satisfy the debt.

## III. Attorneys' Fees

Finally, Defendants-Appellants challenge the $94,371.29 award of attorneys' fees and costs as "excessive" relative to the work required for this case and "improper" given SAC Fund's allegedly dilatory conduct. Appellants' Br. 13–14. Reviewing for abuse of discretion, *see Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011), we again disagree. We discern neither legal error nor a clearly erroneous factual finding in the District Court's award of attorneys' fees. *See id.* The District Court carefully considered the reasonableness of the fees, making substantial downward adjustments to reflect: (1) the case's relative simplicity; (2) the lack of documentation for certain work; and (3) the prevailing market rates in the Eastern District of New York. This approach reflects the court's reliance on the lodestar method, which multiplies a "reasonable hourly

7

rate" by the "reasonable number of hours required by the case" to arrive at a

"presumptively reasonable fee." *Id.* (quotation marks omitted).

We have considered Defendants-Appellants' remaining arguments and

conclude that they are without merit. For the foregoing reasons, the judgment

and order of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
