U.S. Bank, N.A. v Ifemesia (2025 NY Slip Op 03838)

U.S. Bank, N.A. v Ifemesia

2025 NY Slip Op 03838

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-00096
 (Index No. 510068/14)

[*1]U.S. Bank, National Association, etc., respondent,
v
Ifeyinwa Ifemesia, etc., et al., defendants, 501 Decatur Realty, LLC, appellant.

Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 501 Decatur Realty, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Larry D. Martin, J.), dated July 26, 2022. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On October 25, 2006, the defendant Ifeyinwa Ifemesia (hereinafter the borrower) executed a note in the amount of $707,750 in favor of First Franklin, a Division of National City Bank (hereinafter First Franklin). The note was secured by a mortgage on certain real property located in Brooklyn. The initial interest rate was 7.65 percent. The note provided that the interest rate could change on November 1, 2009, and every six months thereafter. The new interest rate would be LIBOR plus 6.4 percent. At relevant times, "LIBOR [was] a set of benchmark interest rates that approximate the average rate at which major banks could borrow money. LIBOR . . . [was] used as a reference point in determining interest rates for financial instruments across the world" (Charles Schwab Corp. v Bank of Am. Corp., 883 F3d 68, 78 [2d Cir]).
In October 2014, the plaintiff, First Franklin's successor in interest, commenced the instant action to foreclose the mortgage against the borrower and the defendant 501 Decatur Realty, LLC (hereinafter 501 Decatur), among others. The complaint alleged that 501 Decatur was the current owner of the subject property. 501 Decatur failed to timely answer the complaint. On January 3, 2017, the Supreme Court issued an order appointing a referee to compute the amount due on the note.
At the hearing before the referee, the plaintiff presented the testimony of Aaryn Richardson, a senior principal of litigation support and resolution analyst for Nationstar Mortgage (hereinafter Nationstar), the plaintiff's loan servicer for the subject loan. Richardson stated that he was familiar with Nationstar's records and record-keeping practices regarding the loan.
The plaintiff sought to introduce Exhibit 4-C, a "judgment figures worksheet" created by Nationstar, into evidence. Richardson testified that Exhibit 4-C reflected monies that were due and owing on the loan, and he stated that the document was created and maintained in the ordinary course of business. Exhibit 4-C was subjected to voir dire by counsel for 501 Decatur but was entered into evidence without objection.
Exhibit 4-C stated that the total unpaid principal balance as of April 26, 2019, was $707,750 and provided the total amount due on the note, which included $668,498.23 of interest. The interest-rate breakdown stated that a rate of 7.65 percent was charged from March 1, 2007, through April 30, 2017, that a rate of 7.875 percent was charged from May 1, 2017, through April 30, 2018, that a rate of 8.875 percent was charged from May 1, 2018, through October 31, 2018, and that a rate of 9 percent was charged from November 1, 2018, through April 26, 2019.
At the close of the hearing, the referee permitted the parties to make posthearing submissions. In its posthearing submission, the plaintiff argued that the total due on the note was $1,495,467.33 as of April 26, 2019. In his report, the referee concluded, based on the testimony and evidence adduced at the hearing, that a total of $1,495,467.33 was due on the note.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In support, the plaintiff relied on the referee's report, the transcript of the hearing, and the evidence submitted at the hearing. 501 Decatur opposed the motion. In an order and judgment of foreclosure and sale dated July 26, 2022, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. 501 Decatur appeals.
The Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Matter of Cincotta, 139 AD3d 1058).
501 Decatur contends that the referee's report was not substantially supported by the record because the plaintiff failed to submit admissible evidence regarding the historical LIBOR interest rates used to compute interest on the note. This contention is without merit. "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a) and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see U.S. Bank N.A. v Goldberg, 171 AD3d 981, 982).
Here, Exhibit 4-C, which was admitted into evidence without objection, established the total amount due on the note, which included $668,498.23 in interest. 501 Decatur failed to submit any evidence to dispute the total amount due or to dispute the plaintiff's interest calculation. Thus, the referee's report was substantially supported by the record.
The Supreme Court also properly denied 501 Decatur's application to toll interest for the period from the borrower's default in 2007 to the commencement of the instant action in 2014. "'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajic v Faust, 165 AD3d 716, 717). "Once equity is invoked, the court's power is as broad as equity and justice require" (id. at 1394 [internal quotation marks omitted]; see Rajic v Faust, 165 AD3d at 718). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; see CPLR 5001[a]).
Here, any delay attributable to the plaintiff's predecessor in interest prior to the commencement of this action does not warrant the tolling of interest that accrued on the mortgage [*2]note after the borrower's default in 2007 (see U.S. Bank Trust, N.A. v Frankfurter, 228 AD3d 904, 905; Nationstar Mtge., LLC v Dunn, 186 AD3d 836; cf. U.S. Bank, N.A. v Peralta, 191 AD3d 924, 926).
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court