Bank of N.Y. Mellon Trust Co., N.A. v Entwistle (2025 NY Slip Op 04863)

Bank of N.Y. Mellon Trust Co., N.A. v Entwistle

2025 NY Slip Op 04863

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-10100
 (Index No. 9696/08)

[*1]Bank of New York Mellon Trust Company, National Association, respondent, 
v
Charles Byron Entwistle, et al., appellants, et al., defendants.

Binakis Law, P.C., Astoria, NY (Patrick Binakis of counsel), for appellants.
LOGS Legal Group LLP, Rochester, NY (Virginia Grapensteter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Charles Byron Entwistle and Helene Entwistle appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered August 30, 2023. The order denied the motions of the defendant Charles Byron Entwistle, inter alia, pursuant to CPLR 5015(a) to vacate an order the same court (Edward G. McCabe, J.) entered October 8, 2008, and an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered June 16, 2017, and to cancel a foreclosure sale for failure to comply with RPAPL 1351(1).
ORDERED that the appeal by the defendant Helene Entwistle is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order entered August 30, 2023, is affirmed on the appeal by the defendant Charles Byron Entwistle; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On May 27, 2008, Washington Mutual Bank (hereinafter WaMu) commenced the instant action to foreclose a mortgage against, among others, the defendants Charles Byron Entwistle and Helene Entwistle (hereinafter together the defendants). The defendants failed to appear or answer the complaint. In an order entered October 8, 2008, the Supreme Court granted WaMu's motion, inter alia, for leave to enter a default judgment against the defendants and for an order of reference, and appointed a referee to compute the amount due on the mortgage loan (hereinafter the order of reference).
In an order and judgment of foreclosure and sale entered June 16, 2017, the Supreme Court granted WaMu's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The order and judgment of foreclosure and sale also amended the caption to substitute the plaintiff for WaMu.
On September 12, 2017, the defendants moved, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale. In an order entered January 3, 2018, the Supreme Court denied the motion.
The defendants appealed from the order entered January 3, 2018. They failed to timely perfect the appeal, and it was deemed dismissed (see 22 NYCRR 1250.10[a]).
On August 11, 2022, and then on March 23, 2023, Charles moved, inter alia, pursuant to CPLR 5015(a) to vacate the order of reference and the order and judgment of foreclosure and sale, and to cancel the foreclosure sale for failure to comply with RPAPL 1351(1). In an order entered August 30, 2023, the Supreme Court denied both motions, noting, among other things, that the foreclosure sale had been rescheduled seven times due to the defendants' filing of various orders to show cause and bankruptcy petitions. Charles appeals.
To the extent that Charles seeks review of the denial of those branches of his motions which were pursuant to CPLR 5015(a) to vacate the order of reference and the order and judgment of foreclosure and sale, we note that the defendants' appeal from the order entered January 3, 2018, which denied their prior motion for the same relief, was deemed dismissed. As a general rule, this Court does not consider an issue on a subsequent appeal that was raised or could have been raised on an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353; Bayview Loan Servicing, LLC v Williams, 149 AD3d 891). We decline to exercise that jurisdiction under the circumstances of this case.
The Supreme Court properly denied those branches of Charles's motions which were to cancel the foreclosure sale for failure to comply with RPAPL 1351(1). "RPAPL 1351(1) was amended, effective December 20, 2016, to provide that a judgment of foreclosure and sale shall direct that the subject property be sold 'within ninety days of the date of the judgment'" (U.S. Bank, N.A. v Peralta, 191 AD3d 924, 925). Here, the Supreme Court providently exercised its discretion in excusing the plaintiff's delay pursuant to CPLR 2004 (see Bank of Am., N.A. v Cord, 214 AD3d 934, 936). 
"'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajic v Faust, 165 AD3d 716, 717). "Once equity is invoked, the court's power is as broad as equity and justice require" (id. at 1394 [internal quotation marks omitted]; see Rajic v Faust, 165 AD3d at 718). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; see CPLR 5001[a]). Here, Charles sought to toll the accrual of interest. However, as Charles failed to demonstrate that the plaintiff was responsible for unexplained delays or other wrongful conduct (see Board of Mgrs. of the Poseidon Condominium v Constantino Prop. Mgt., LLC, 224 AD3d 650, 652), the Supreme Court providently exercised its discretion in denying that relief.
Charles's remaining contentions are without merit.
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court