JPMorgan Chase Bank, N.A. v Slade

2026 NY Slip Op 02257

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

JPMorgan Chase Bank, National Association, respondent,

v

Francine Slade, etc., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-04988, (Index No. 11213/10)

Betsy Barros, J.P.

William G. Ford

Lourdes M. Ventura

Donna-Marie E. Golia, JJ.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.

BurgherGray LLP, New York, NY (Mark A. Samuel of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Francine A. Slade appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered March 22, 2024. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (Thomas A. Adams, J.) dated May 8, 2017, inter alia, denying those branches of that defendant's cross-motion which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 5015(a) to vacate her default in answering and for leave to serve a late answer, and upon an order of the same court (Thomas A. Adams, J.) dated November 22, 2019, among other things, denying that branch of that defendant's separate cross-motion which was to toll the accrual of interest on the subject mortgage loan from August 11, 2011, to July 12, 2016, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, awarded the plaintiff certain interest on the mortgage loan, and directed the sale of the subject property.

ORDERED that the order and judgment of foreclosure and sale is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding interest on the subject mortgage loan from August 11, 2011, to July 12, 2016, and substituting therefor a provision tolling the accrual of interest on the mortgage loan from August 11, 2011, to July 12, 2016; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs to the plaintiff, that branch of the cross-motion of the defendant Francine A. Slade which was to toll the accrual of interest on the subject mortgage loan from August 11, 2011, to July 12, 2016, is granted, the order dated November 22, 2019, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the amount of accrued interest in accordance herewith and the entry of an appropriate amended judgment of foreclosure and sale thereafter.

In July 2010, the plaintiff commenced this action against, among others, the defendant Francine Slade (hereinafter the defendant). The defendant failed to timely answer the complaint or make a pre-answer motion to dismiss the complaint.

In July 2016, the plaintiff moved to restore the action to the calendar, for leave to enter a default judgment, and for an order of reference. In an order dated September 30, 2016, the Supreme Court granted the plaintiff's motion, and an order of reference was executed.

In December 2016, the plaintiff moved for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 5015(a) to vacate her default in answering and for leave to serve a late answer. In an order dated May 8, 2017, the Supreme Court, among other things, granted the plaintiff's motion for a judgment of foreclosure and sale and denied those branches of the defendant's cross-motion.

In July 2017, the plaintiff moved to vacate the judgment of foreclosure and sale, and the motion was granted. In July 2019, the plaintiff again moved, inter alia, for a judgment of foreclosure and sale, and the defendant cross-moved, among other things, to toll the accrual of the interest on the subject mortgage loan from August 11, 2011, to July 12, 2016. The motion and the cross-motion were denied in an order dated November 22, 2019.

In August 2023, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered March 22, 2024, the court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, awarded the plaintiff certain interest on the mortgage loan, and directed the sale of the subject property. The defendant appeals.

The Supreme Court properly denied that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In pertinent part, CPLR 308(2) provides that personal service upon a natural person may be made by delivering the summons to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by mailing the summons to the person to be served at his or her last known residence (see Wells Fargo Bank, N.A. v Singh, 204 AD3d 732, 733). "'A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service'" (Wilmington Sav. Fund Socy. v Brotherson, 221 AD3d 1053, 1054, quoting Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit. In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (U.S. Bank Trust, N.A. v Catalano, 215 AD3d 992, 993-994 [citations and internal quotation marks omitted]; see Bethpage Fed. Credit Union v Grant, 178 AD3d at 997).

Here, the affidavit of the plaintiff's process server constituted prima facie evidence that the defendant was properly served pursuant to CPLR 308(2) (see Harrison v Schottenstein, 228 AD3d 848, 850; Bethpage Fed. Credit Union v Grant, 178 AD3d at 997-998). Contrary to the defendant's contention, her daughter's affidavit was insufficient to rebut the presumption of proper service arising from the process server's affidavit of service (see TD Bank, N.A. v Turbo Group, Inc., 226 AD3d 1058, 1059).

The Supreme Court also properly determined that the defendant was not entitled to vacate her default in answering the complaint pursuant to CPLR 5015(a). A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see U.S. Bank N.A. v Rauff, 205 AD3d 963, 965; US Bank N.A. v Dedomenico, 162 AD3d 962). Here, in light of the defendant's failure to establish a reasonable excuse for her default, as the only excuse she proffered was lack of personal jurisdiction, the court properly denied the defendant's cross-motion pursuant to CPLR 5015(a)(1) to vacate her default in answering the complaint (see U.S. Bank N.A. v Rauff, 205 AD3d at 965; US Bank N.A. v Dedomenico, 162 AD3d at 964). Since the defendant failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (see U.S. Bank N.A. v Rauff, 205 [*2]AD3d at 966; Bank of N.Y. Mellon v Daniels, 180 AD3d 738, 739).

However, the Supreme Court should have granted that branch of the defendant's cross-motion which was to toll the accrual of interest on the mortgage loan from August 11, 2011, to July 12, 2016. "'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Wells Fargo Bank, N.A. v Daniel, 231 AD3d 899, 901, quoting Bank of N.Y. Mellon v George, 186 AD3d 661, 663). "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862 [internal quotation marks omitted]; see GMAC Mtge., LLC v Yun, 206 AD3d 798, 798). "'Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action'" (Deutsche Bank Natl. Trust Co. v Armstrong, 218 AD3d 738, 739, quoting GMAC Mtge., LLC v Yun, 206 AD3d at 798-799).

In the present case, the plaintiff failed to offer an adequate explanation for the lengthy delay in prosecuting the action. The plaintiff waited more than five years after the last foreclosure settlement conference to move for a default judgment and an order of reference, which delay was largely unexplained and resulted in the accrual of unnecessary interest. The plaintiff contends, in a conclusory fashion, that it delayed in prosecuting the action because it "was reviewing the underlying loan for loss mitigation resolutions" (see generally Deutsche Bank Trust Co. Ams. v Knights, 231 AD3d 1016, 1018-1019). The plaintiff further contends that the defendant filed for bankruptcy protection while the foreclosure action was pending. However, the plaintiff's bankruptcy petition was active from April 3, 2015, through August 26, 2015. As the defendant correctly contends, this would not justify the delay in prosecution prior to April 3, 2015, and after August 26, 2015. Therefore, the Supreme Court should have granted that branch of the defendant's cross-motion which was to toll the accrual of interest on the mortgage loan from August 11, 2011, to July 12, 2016.

The parties' remaining contentions are without merit.

BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court